IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES NOWACZYNSKI,            )
                                )
              Plaintiff,        )
                                )
    v.                          ) Civil Action No. 04-961
                                )
JO ANNE B. BARNHART,            )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
              Defendant.        )

O P I N I O N

DIAMOND, D.J.

Pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). 42 U.S.C. §§1381-1383f. Presently before the court are cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion will be granted in part and denied in part, the Commissioner's motion will be denied and this case will be remanded to the ALJ for further proceedings consistent with this opinion.

Procedural History

Plaintiff filed his application for SSI on November 7, 2002, alleging disability beginning October 12, 2002, due to radiating back pain. Plaintiff's application was denied. Plaintiff timely filed a request for a hearing. An Administrative Law Judge

("ALJ") held a hearing on November 19, 2003, at which plaintiff appeared represented by counsel. On April 7, 2004, the ALJ issued a decision finding that plaintiff is not disabled under the Act. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

## Standard of Review

As the factfinder, an ALJ has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). These well-established principles dictate that this court remand this case to the ALJ for further development at step 4, and if necessary step 5, of the sequential evaluation process because the record does not contain substantial evidence to support the ALJ's findings and conclusions.

<u>Statement of Material Facts</u>

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c).  Plaintiff has a high school education. Plaintiff has past relevant work experience as an unarmed security guard, auto repair technician and maintenance worker, but he has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.  The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease, obesity, depression and generalized anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform the exertional demands of a range of light work.  Plaintiff is limited to occasional climbing, balancing, stooping, kneeling, crouching and crawling.  In addition, plaintiff requires work that involves simple, routine, repetitive tasks with one or two step instructions performed in a low stress environment.  Finally, plaintiff is limited to work that requires few decisions and no more than occasional contact with the public

- 3 -

and co-workers (collectively, the "RFC Finding"). Based on the vocational expert's testimony, the ALJ concluded at step 4 of the sequential evaluation process that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform his past work as a security guard as it generally is performed in the industry. However, the ALJ also made alternative findings at step 5 of the sequential evaluation process[1] and concluded that plaintiff's age, educational background, work experience and residual functional capacity permit him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a security guard when businesses are closed, a sorter in the food industry and an assembler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

## Analysis

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind

---

[1] The ALJ stated that he also evaluated this case at step 5 "in the remote event that it was shown that [plaintiff's] work as a security guard was not substantial gainful activity." (R. 19).

of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 4 and 5 of the sequential evaluation process. As noted, although the ALJ found plaintiff not disabled at step 4, he made alternative findings at step 5. At step 4, the ALJ must consider whether the claimant retains the residual functional capacity to perform his past work. At step 5, the ALJ must determine whether there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with

his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's findings on the following grounds: (1) the ALJ erred in assessing his residual functional capacity because he disregarded the findings of two of plaintiff's physicians; (2) the ALJ's hypothetical question to the vocational expert did not include all of plaintiff's limitations; and (3) the ALJ improperly disregarded plaintiff's subjective complaints regarding his limitations. Plaintiff's claims will be addressed in turn.

Plaintiff first contends that the ALJ's RFC Finding is not supported by substantial evidence because he disregarded the findings of two of plaintiff's physicians. The court agrees that the ALJ did not properly factor Dr. Jerome Bonier's evaluation of plaintiff into the RFC Finding.

In his decision, the ALJ stated that he gave significant weight to Dr. Bonier's evaluation of plaintiff. (R. 17). Dr. Bonier is an orthopedic specialist who concluded that plaintiff could lift and carry up to 10 pounds frequently and 20 pounds

- 6 -

occasionally, that he could stand and walk a total of four hours in an eight hour day, that he had no limitation on sitting, that he could only occasionally perform various postural activities and that he was limited in his upper and lower extremities with pushing and pulling. (R. 143-44). The ALJ stated that "[t]he RFC adopted here is consistent with that of Dr. Bonier but does not limit the claimant's pushing or pulling, because I cannot find a basis for this in Dr. Bonier's findings or elsewhere, and he cites to none." (R. 17). Although the ALJ properly concluded that no limitation was required for pushing and pulling, he otherwise fully adopted Dr. Bonier's evaluation, but his RFC Finding did not include a limitation specifically restricting plaintiff to standing and walking for four hours in an eight hour day as Dr. Bonier found was necessary. The court notes that the ALJ's alternative step 5 analysis included a hypothetical question to the vocational expert which permitted a sit/stand option, however a sit/stand option was not specifically included in the RFC Finding. More importantly, while a sit/stand option would allow plaintiff to alternate between those positions, ultimately plaintiff might end up standing and walking more than four hours per day. Thus, based on the significant weight the ALJ gave Dr. Bonier's evaluation, on remand, the ALJ must factor the four hour per day standing and walking restriction into his assessment of plaintiff's residual functional capacity.

With respect to the RFC Finding, plaintiff also argues that the ALJ erred by ignoring a medical source statement apparently

completed by an individual affiliated with the Primary Health Network, which indicated that plaintiff could only stand and walk one to two hours per day and sit less than six hours per day. (R. 139). However, the form was not signed or dated, and it is unclear whether it was completed by a physician. Thus, the ALJ properly gave that assessment no weight. (R. 17).

Plaintiff's next step 5 argument is that the ALJ erred in posing a hypothetical question to the vocational expert that did not include all of plaintiff's limitations. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Plaintiff correctly notes that the ALJ did not include Dr. Bonier's four hour per day standing and walking restriction in the hypothetical to the vocational expert.[2] On remand, after factoring the four hour per day standing and walking restriction into the assessment of plaintiff's residual functional capacity, the ALJ should account for that restriction in a hypothetical to the vocational expert.

Plaintiff's final argument is that the ALJ improperly disregarded his subjective complaints regarding his limitations.

---

[2] Plaintiff also contends that the ALJ's hypothetical was deficient because it did not contain a limitation that he only could walk half a block and then needed to rest in a reclined position and that he had limited dexterity. After reviewing the record in this case, the court finds that those limitations are not supported by the medical evidence, therefore the ALJ did not err by omitting them from the hypothetical.

A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); <u>Hartranft v. Apfel</u>, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999). A review of the ALJ's decision indicates that the ALJ properly evaluated plaintiff's subjective complaints concerning his limitations and he explained why he discredited some of plaintiff's subjective complaints. (R. 17-18).

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered the relevant evidence in the record, including test results and findings, plaintiff's own statements about his symptoms and statements by his physician and others about his symptoms and how they affect him. <u>See</u> 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p. The ALJ also considered plaintiff's daily activities, the location, duration, frequency and intensity of his pain, precipitating and aggravating factors, plaintiff's medications and other treatment that he receives. 20 C.F.R. §416.929(c)(3). As required by 20 C.F.R. §416.929(c)(4), the ALJ considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total

disability. Accordingly, the ALJ determined that plaintiff's complaints regarding his claimed limitations were not entirely credible. (R. 20). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 17-18), and is satisfied that such determination is supported by substantial evidence.

### Conclusion

For the foregoing reasons, this case will be remanded to the Commissioner for further proceedings at step 4, and if necessary step 5, of the sequential evaluation process consistent with this opinion.

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: August 29, 2005

cc: Robert G. Yeatts, Esq.
    Lewis & Ristvey
    689 North Hermitage Road
    Hermitage, PA 16148

    Christy C. Wiegand
    Assistant U.S. Attorney
    Suite 400, U.S.P.O. & Courthouse
    Pittsburgh, PA 15219